MARTIN RODOLPH *vs.* A. MAYER, *et al.*

The statute does not permit a defendant to move the dissolution of an attachment, until he has appeared and answered.

The statute of 1854, authorizing a coroner, in certain instances, to perform the duties of sheriff, is still in force.

The record, showing process to have been served by a coroner, the Court must presume, in the absence of a contrary showing, that the sheriff was laboring under the disabilities that make it incumbent upon the coroner to act in his stead.

Where the defendant gives bond and obtains a release of the attached property—as provided by Sec. 140, Practice act 1859–60—judgment given against defendant, may, at the same time, be rendered against his securities, provided it does not exceed the stipulation of their bond.

Error to the Second Judicial District.

Opinion by OLIPHANT, Associate Justice.

This was a civil action instituted by the plaintiffs below, defendants in error, upon a complaint and notice, alleging the indebtedness of the defendant to plaintiffs upon a promissory note or due bill, described in the complaint, amounting to the sum of $643 60, with interest at two per cent. per month from date thereof.

At the time of filing the complaint and notice, the plaintiffs issued also an attachment against the property of the defendant, for the causes set forth in the third and fourth subdivisions of Sec. 124 of the Civil Practice Act, page 30, statutes W. T., 1859–60. The complaint and notice and attachment were issued to the sheriff of Lewis county, W. T., but were served by the coronor of that county. When the property of defendant was attached, he gave bond, as provided for in Sec. 140, of the same act, and retained the property. Afterwards, to-wit: On the 20th day of March, 1861, the defendant being ruled to answer, his counsel moved to dismiss the cause, on the ground that the service of the complaint and attachment were made by the coroner of Lewis county, and not by the sheriff, as directed by the statute. The Court overruled the motion. The defendant then demurred to the complaint, which was also overruled by the Court, and judgment entered against the defendant and his bail, on the property bond for the amount due plaintiffs, on the 23d of March, 1861. To all of which rulings and actions of the Court the defendant excepted.

Whatever advantages the defendant might have gained in the Court below by his motion to dismiss the cause for defect-

iveness of service, or irregularities of the issuing of the attachment, he has not placed himself within the pale of the statute in such a manner as to now claim the benefit of them.   Before the defendant, in cases of attachment, has any *status* in Court for any purpose, either to dismiss or dissolve the attachment, he must appear and answer the complaint.   Sec. 139 of the attachment law, Civil Practice Act, page 32, is so clear and imperative in this respect, that it cannot be dispensed with.   Such appearance may be special, and if so stated on the record, it will not operate to cure all the previous defects or errors in the pleadings.   This we think is in consonance with right, reason and justice.

The right of a coroner to serve process in any civil action since the passage of the Civil Practice Act, is another point raised by the defendant in this case.   This office was created by the act of 1854, pamphlet laws W. T.   Sec. 2d of this act provides that "the coroner shall perform the duties of sheriff in all cases where the sheriff is interested or otherwise incapacitated from serving."

While the Civil Practice Act, for greater convenience, gave power to the Judge to appoint persons to serve process in addition to the sheriff and his deputy, it has neither directly nor impliedly repealed the act relative to coroners.   That officer is not *functus officio* in regard to his powers and duties recited in Sec. 2d of the act of 1854.

The record in this case shows that the complaint, notice and attachment were served by an officer authorized by law to serve process in certain cases; and when it is done by the coroner, it is and will be presumed that the disabilities, as provided for in the act of 1854, existed, unless the contrary is made to appear.   This was not done in this case, and this Court cannot take notice of any thing *dehors* the record.

The judgment against the security of Martin Rodolph was rightly rendered.   It requires of them no more than they have stipulated in their bond.

All the errors assigned by the plaintiff in error have been noticed.   None of them are sustained.

The judgment of the Court below is affirmed, with costs, and mandate to the District Court in accordance herewith.